BOONVILLE SPECIAL ROAD DISTRICT, Appellant, v. MARTIN FUSER, Respondent.

Kansas City Court of Appeals, November 3, 1913.

1. **PUBLIC ROAD: Road District: Consolidation: Pleading.** If a person obstructs a public road in a road district and fails to remove it within ten days after notice from the road overseer, he is liable to a penalty of $5 per day, to be recovered by an action instituted by the overseer in the name of the district. F obstructed a road and was notified by the overseer to remove it. Then that district was taken into and became a part of an adjoining special district. The overseer then instituted an action against F in the name of the latter district. It was held to be properly brought.

2. —————: —————: **Pleading: Willfully or Knowingly: Equivalent Words.** The statute (Sec. 10533, R. S. 1909) provided that anyone who shall "willfully or knowingly" obstruct a public road shall be liable to a penalty of $5 per day after notice from the overseer to remove it, to be recovered by an action in the name of the district. The petition failed to charge that the obstruction was made willfully or knowingly, but did charge that after notice he refused to remove it and continued to maintain it. It was *held* that this was equivalent to charging willfulness and knowledge.

Appeal from Cooper Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*W. G. Pendleton, W. F. Johnson* and *Roy D. Williams* for appellant.

*John Cosgrove* and *Daniel Cosgrove* for respondent.

ELLISON, P. J.—This action was brought against defendant for five dollars, the penalty prescribed for obstructing a public road. The case is based on section 10533, Revised Statutes 1909, prescribing a penalty for road obstruction, to be recovered in an action prosecuted by the road overseer in the name of the road district. The trial court sustained a demurrer to the evidence for plaintiff, and judgment was rendered for the defendant.

The evidence for plaintiff tended to show that the road was a public one and that defendant had obstructed it and that the road overseer had given him ten days' notice to remove the obstruction as provided by the statute aforesaid, and that he refused to comply with the notice. But defense is based on the following facts also appearing in evidence: It will be noticed that this plaintiff is called "Boonville Special Road District of Cooper County," while the evidence showed the obstructed road was in "Road District Number 5" at the time the obstruction was erected. But it was further shown that thereafter and before the beginning of this action, district number five, under article 6 of chapter 102, Revised Statutes 1909, was, at an election held for that purpose, consolidated with or taken into and made a part of the plaintiff district, which adjoined it. In such circumstances we think the latter district is the proper plaintiff. We think the question asked in plaintiff's brief is pertinent. It is this: "Suppose district No. 5 had begun suit and pending same, and before final judgment, the district had become legally wholly consolidated with

the plaintiff district. Would the action have abated, or would the action have continued in the name of the new district?"

The statute (Sec. 10533) reads that after notice given and ten days have elapsed the penalty and liability to a fine have accrued, "such fine to be recovered by suit brought by the road overseer, in the name of the road district, in any court of competent jurisdiction." This evidently does not nullify the offense by destroying its mode of punishment. The statute by prescribing that the action shall be brought "in the name of the road district," did not intend to nullify the offense by destroying its mode of punishment in instances where the district offended against had been lawfully taken into another district. It could hardly be thought that if this action had been instituted before consolidation in the name of district five, and consolidation had while pending, that it would have abated the action.

The peremptory instruction is also defended on the ground that no offense was charged in the petition. No demurrer was offered to it. The statute aforesaid reads that "Any person or persons who shall willfully or knowingly obstruct or damage any public road," etc. The petition charges that defendant obstructed the road by erecting a fence thereon, omitting to charge that he willfully or knowingly did so. But it does allege that the overseer "notified said defendant by writing to remove said obstruction, and that said obstruction has not been removed and has ever since been maintained by said defendant." We think that is tantamount to an allegation that he willfully or knowingly obstructed the road. Allowing that he may have fenced the road inadvertently, that condition of mind could not have continued after notice of what he had done. When he persisted in maintaining the fence af-

ter notice of his wrong, he did it both willfully and knowingly.

The judgment is reversed and the cause remanded, to the end that a trial may be had and the defense, if there be any, may be heard.   All concur.